UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SAMUEL PEREIRA-ORELLANA,<br><br>                                  Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>                                  Respondents. | Case No.:  26-CV-3151 JLS (DDL)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner William Samuel Pereira Orellana's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Response to Petition ("Ret.," ECF No. 4).  Petitioner alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center.  *See generally* Pet.  Petitioner "was previously released from immigration custody on conditional parole."  Ret. at 2.

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(2); however, Respondents "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts."  Ret. at 2 (collecting cases).  Respondents therefore "do[] not oppose the [P]etition

1

and defer[] to the Court on the appropriate relief." *Id.* at 3.  The Court finds that Petitioner is entitled to release.  *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release.  The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of her release and a hearing before a neutral decision maker to determine whether detention is warranted.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.  The Parties are **ORDERED** to file a Joint Status Report by June 26, 2026, confirming that Petitioner has been released.  As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  June 5, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-3151 JLS (DDL)